CRAWLEY, Judge,
concurring in part and dissenting in part.
I agree with the majority that the trial court erred in not allowing Sunshine’s representative to testify as to the value of the leasehold interest and that the trial court’s judgment must be reversed and the cause remanded for a new trial. I disagree with the majority’s holding that the trial court did not err by not allowing Sunshine’s representative to testify as to the value of the freehold. I would also reverse the trial court’s judgment and remand the case for a new trial and direct the trial court to allow Sunshine’s representative to testify as to the value of the freehold.
The majority reasons that the legislature did not intend for a lessee or a corporate lessee’s representative who is not a valuation expert to testify as to the value of the freehold. The commentary in the condemnation statutes contemplate a broad admissibility of evidence of the value of the property, rather than a limited admissibility of evidence of value. The commentary to § 18-1A-192 states that “opinion evidence of property value may be given at trial not only by qualified valuation experts, but also by persons who own a compensable interest in the property ” (emphasis added). As the majority correctly *354 states the law in Alabama, a lessee is deemed to have a compensatory interest in a condemnation proceeding. Furthermore, the commentary to § 18-1A-23 states that although the term “owner” is not defined in the statute, it “is intended to include any person who, under Alabama law, is deemed to own a property interest that is sought to be taken, and is not limited to the owner of the fee.” Therefore, the lessee as an owner of a com-pensable interest in a condemnation proceeding, should not only be allowed to testify as to the value of the leasehold, but should also be allowed to testify as to the value of the freehold. The issue of whether the valuation testimony is given by an expert or a layman should go to the weight of the evidence, rather than the admission of the evidence.
The commissioners appointed by the probate court to assess damages for condemnation are only required to‘be “citizens of the county in which the lands sought to be condemned are situated,” and to “possess the qualifications of jurors.”[1] I cannot reason that the legislature would intend for the initial judgment of condemnation to be decided by persons who do not have to be real estate valuation experts while only valuation experts could testify as to the value of the freehold interest. I conclude that Sunshine, the lessee, as an owner of a compensatory interest, may testify as to the value of the freehold pursuant to § 18-lA192(a)(2), and that Sunshine’s corporate representative may testify as to the freehold’s value pursuant to § 18-1A-I92(a)(3).

. See Ála.Code 1975, § 12-16-60, for the qualifí-cations of jurors.